EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
09/25/2014
CT Log Number 525766049

TO: Jeff Zimmerman, SVP & Asst. General Counsel
Time Warner Cable
60 Columbus Circle
New York, NY 10023

RE: **Process Served in California**

FOR: Time Warner Cable Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Katrina Persona, etc., Pltf. vs. Time Warner Cable, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Certificate, Cover Sheet, Instructions, Notice, Attachment |
| **COURT/AGENCY:** | San Bernardino County - Superior Court, CA<br>Case # CIVDS1414063 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Wrongful termination on the basis of Disability on October 17, 2013 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/25/2014 at 10:00 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Earliest Answer Date - Within 30 days (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Frank A. Magnanimo<br>Magnanimo & Dean LLP<br>15260 Ventura Boulevard<br>Suite 1550<br>Sherman Oaks, CA 91403<br>818-305-3450 |
| **REMARKS:** | Please note that the process server has underlined/marked the entity name on documents prior serving to CT. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/25/2014, Expected Purge Date: 09/30/2014<br>Image SOP<br>Email Notification, Jeff Zimmerman jeff.zimmerman@twcable.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / RN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Time Warner Cable, Inc. and Does 1-50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Katrina Perona

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| **F I L E D** |
| SUPERIOR COURT OF CALIFORNIA |
| COUNTY OF SAN BERNARDINO |
| SAN BERNARDINO DISTRICT |
| SEP 1 9 2014 |
| BY _____ |
| NICOLE HYDUKOVICH, DEPUTY |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
| --- | --- |
| *(El nombre y dirección de la corte es):* San Bernardino Superior Court | *(Número del Caso):* CIVDS1414063 |
| 247 W. Third St., San Bernardino, CA 92415-0210 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Audrey L. Priolo, Esq., Magnanimo & Dean, LLP, 15260 Ventura Blvd., Ste 1550, Sherman Oaks, CA  91403

| DATE: SEP 1 9 2014 | Clerk, by | Nicole Hydukovich | , Deputy |
| --- | --- | --- | --- |
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]
COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Time Warner Cable, Inc.

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1    Frank A. Magnanimo, Esq. - SBN 174570
     *frank@magdeanlaw.com*
2    Audrey L. Priolo, Esq. - SBN 239576
     *audrey@magdeanlaw.com*
3    MAGNANIMO & DEAN, LLP
     15260 Ventura Boulevard, Suite 1550
4    Sherman Oaks, California 91403
     Telephone:    (818) 305-3450
5    Facsimile:    (818) 305-3451

6    Attorneys for Plaintiff
     Katrina Perona

7

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

SEP 1 9 2014

BY _____
NICOLE HYDUKOVICH, DEPUTY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF LOS ANGELES

10                          CENTRAL DISTRICT

| | | |
|---|---|---|
| 11 | KATRINA PERONA, an individual | ) | CASE NO.: CIVDS1414063 |
| 12 | | ) | CASE FILED: |
| 13 | Plaintiff, | ) | **PLAINTIFF KATRINA PERONA'S** |
| 14 | vs. | ) | **COMPLAINT FOR DAMAGES:** |
| 15 | TIME WARNER CABLE, INC., a | ) | 1.  **Disability Discrimination;** |
| | corporation; and DOES 1-50, Inclusive, | ) | 2.  **Failure to Prevent Discrimination and Harassment;** |
| 16 | | ) | 3,  **Failure to Engage in the Interactive Process;** |
| 17 | Defendants. | ) | 4.  **Failure to Accommodate Disability;** |
| 18 | | ) | 5.  **Retaliation;** |
| | | ) | 6.  **Impermissible Non-Job Related Inquiry;** |
| 19 | | ) | 7.  **Wrongful Termination in Violation of Public Policy;** |
| 20 | | ) | 8.  **Intentional Infliction of Emotional Distress;** |
| 21 | | ) | 9.  **Failure to Provide Meal/Rest Periods - Premium Wages; and** |
| 22 | | ) | 10.  **Unfair Business Practices.** |
| 23 | | ) | **DEMAND FOR JURY TRIAL** |
| 24 | | ) | |

25   ///

26   ///

27   ///

28   ///

                                      1
                    **COMPLAINT FOR DAMAGES**

1    Plaintiff Katrina Perona ("Plaintiff") complains and alleges as follows:

2                        **JURISDICTION AND VENUE**

3         1.    This court has personal jurisdiction over the Defendants because they are residents

4    of, have contacts with, and are doing business in the State of California.

5         2.    Venue is proper in this county in accordance with Sections 394 and 395(a) of the

6    California Code of Civil Procedure because the Defendants, or some of them, reside in this county

7    and/or the alleged wrongs occurred in this county.

8                              **PARTIES**

9         3.    Plaintiff Katrina Perona ("Plaintiff" or "Perona") was and now is an individual

10   residing in the State of California.

11        4.    Perona is informed and believes, and thereon alleges, that at all times herein

12   mentioned, Defendant Time Warner Cable, Inc. ("Time Warner"), a corporation, was doing

13   business in the State of California and employing individuals in the County of Los Angeles, State

14   of California.

15        5.    Defendants DOES 1 through 50 are sued as fictitious names, their true names and

16   capacities being unknown to Perona.  When their true names and capacities are ascertained, Perona

17   will amend this complaint by inserting their true names and capacities.  Perona is informed and

18   believes and thereon alleges that each of the fictitiously named Defendants are responsible in some

19   manner for the occurrences herein alleged, and those Defendants proximately caused, are

20   responsible for, and/or legally liable for Perona's damages as herein alleged.  Each reference in

21   this complaint to "Defendant," "Defendants," or a specifically named Defendant refers to and

22   includes all Defendants sued under fictitious names.

23        6.    Perona is informed and believes, and thereon alleges, that Defendants and DOES 1

24   through 50, and each of them, are, and at all times herein mentioned were, corporations or other

25   business entities qualified to do and doing business in the State of California.

26        7.    Whenever in this Complaint reference is made to any act of Defendants, such

27   allegations shall be deemed to mean all named Defendants and DOES 1 through 50, or their

28   officers, agents, managers, representatives, employees, heirs, assignees, customers, tenants, did or

                                   2
                        **COMPLAINT FOR DAMAGES**

1 | authorized such acts while actively engaged in the operation, management, direction or control of

2 | the affairs of Defendants and while acting within the course and scope of their duties.

3 |      8.     At all times material hereto, Perona was an employee of Defendants, and each of

4 | them, who are covered by the California Fair Employment and Housing Act ("FEHA"), California

5 | Government Code § 12900 et. seq., and Article 1, Section 8 of the California Constitution, which

6 | prohibit discrimination, harassment and retaliation in employment on the basis of disability and on

7 | the basis of exercising the right to take a medical leave of absence and subjects Defendants to

8 | liability.

9 | **FACTS COMMON TO ALL CAUSES OF ACTION**

10 |      9.     Perona began her employment with Time Warner on October 26, 2012 as a

11 | customer service representative until she was wrongfully terminated on October 17, 2013.

12 |      10.     During her employment with Time Warner, Perona was a dedicated employee and

13 | performed her job in a satisfactory manner.

14 |      11.     Perona left her prior employer on the promise of a better opportunity with Time

15 | Warner.

16 |      12.     During Perona's interview, she expressed her need to work a morning shift due to

17 | medical issues that caused her fatigue by the end of the day.  Time Warner's interviewer assured

18 | Perona they would accommodate her schedule request.  Accordingly, Perona continued the

19 | application process and was hired.

20 |      13.     During her training, Perona told her trainer and Human Resources she required a

21 | morning schedule due to a medical condition.  Perona further told her trainer and Human

22 | Resources she needed regular restroom breaks due to her medical condition.

23 |      14.     During training, Perona had a reaction to a new medication and paramedics took

24 | Perona from her workplace in an ambulance.  Following the medication reaction, Nicole Jones

25 | from Human Resources encouraged Perona to quit since she had health issues.  Perona continued

26 | her training.

27 |      15.     Upon completing training, Time Warner refused to accommodate Perona's medial

28 | condition.  Time Warner told Perona she had to work one of the later shifts of 1:00 p.m. to 10:00

3

1   p.m. or the midnight shift. Time Warner also told Perona she would be reprimanded if she used

2   the restroom if not on a break scheduled by Time Warner.

3        16.    Perona requested a meeting with her manager and supervisor. Perona stressed the

4   need for accommodation regarding her schedule and restroom breaks due to her health issues.

5   Perona's manager told her she needed to use the restroom in 30 seconds or less.

6        17.    Despite her request for accommodation, Time Warner still placed Perona on the

7   1:00 p.m. to 10:00 p.m. shift.

8        18.    Perona is a single mother. She was also forced to find childcare during a time

9   daycare facilities are not open. Despite the difficulty, Perona arranged her daughter's care around

10  the schedule given by Time Warner.

11       19.    Perona worked the 1:00 p.m. to 10:00 p.m. shift as assigned. Perona began taking

12  her breaks as entitled by law. A manager approached Perona regarding her breaks. The manager

13  told Perona she was taking her breaks later than the schedule set by Time Warner. Perona

14  explained she was unable to always take her breaks at the scheduled times because sometimes she

15  had a long call that went into her scheduled break time. The manager told Perona it was an

16  informal rule for the employees to skip or take a shorter break when calls extended into the break.

17       20.    Time Warner punished Perona for taking her full 15 minute breaks and for using

18  the restroom. Time Warner calculated her productivity and bonuses without factoring in the down

19  time for breaks and restroom time. Accordingly, employees who skipped their breaks were

20  rewarded with better scorecard reviews. After her inquiry, Perona's managers became very critical

21  and nitpicked Perona.

22       21.    Perona began experiencing anxiety due to the stress Time Warner managers put on

23  her and their lack of accommodation of her medical issues. Perona's doctor put her on medical

24  leave due to anxiety.

25       22.    Perona returned to work after approximately two weeks. When she returned, Time

26  Warner's managers put even more pressure on Perona which caused her doctor to again place her

27  on medical leave for anxiety.

28       23.    Perona's doctor kept her on medical leave. Time Warner approved Perona's

4

**COMPLAINT FOR DAMAGES**

1 | medical leave starting on April 28, 2013. Perona desired to return to work. On May 2, 2013,
2 | Perona sent a letter to Time Warner's Human Resources Manager, Anne Long. Perona explained
3 | her need to use the restroom due to her medical condition. She pointed out the lack of
4 | accommodation and the penalties she faced as a result of her need to use the bathroom. Perona
5 | also pointed out Time Warner's unfair punishment when she took her 15 minute breaks. She
6 | asked for guidance on how she could take her full rest periods without being punished.

7 |      24.    Perona told Time Warner accommodation of her medical issues would alleviate her
8 | issues. Perona asked Time Warner to meet with her in order to figure out how her disability could
9 | be accommodated. Time Warner failed to meet with Perona regarding her requested
10 | accommodations. Instead, Time Warner harassed Perona during her leave frequently asking when
11 | she would return to work.

12 |      25.    In July 2013, Perona was officially diagnosed with Fibromyalgia. Perona's
13 | physician indicated Perona could return to work with accommodation from her employer.
14 | Perona's doctor indicated she could return for 4 hours per day, 5 days a week, needed to work in
15 | the morning, and could not lift, push, pull or carry over 10 pounds. Time Warner denied the
16 | requested accommodation and indicated Time Warner only gives accommodation to employees
17 | with medical issues arising from worker's compensation injuries.

18 |      26.    Time Warner sent Perona a letter dated September 13, 2013, delivered on
19 | September 16, 2013. The letter indicated Time Warner would deem her position resigned if they
20 | did not hear from her that same day, September 16, 2013.

21 |      27.    Ms. Long called Perona on September 26, 2013 while Perona was with her doctor.
22 | Ms. Long asked Perona to put her on speaker phone so Ms. Long could hear what the doctor said.
23 | As a result of the pressure and invasion of her privacy, Perona suffered an anxiety attack in the
24 | presence of the doctor. The doctor was shocked at Ms. Long's request and behavior.

25 |      28.    Perona's doctor continued her medical leave through November 26, 2013.
26 | However, on October 17, 2013, while still on medical leave, Time Warner terminated Perona
27 | indicating it would not accommodate her leave through November as requested by Perona and her
28 | doctor.

5

**COMPLAINT FOR DAMAGES**

                 Printed on Recycled Paper

29.     From the time when Plaintiff became ill at work, and continuing through her termination, Defendants and DOES 1 through 50, and each of them, discriminated, harassed, and retaliated against Plaintiff by the following continuous actions, and conduct, among others:

      a. Issuing Plaintiff an unfair and unwarranted correction action notice;

      b. Failing to determine Plaintiff's limitations because of her disability(s) and how they could be accommodated;

      c. Refusing to accommodate Plaintiff due to her physical limitations;

      d. Subjecting Plaintiff to unfair and unwarranted criticism, and issuing pretextual written warnings;

      e. Requiring Plaintiff to work an evening schedule as needed due to her disability;

      f. Failing to allow Plaintiff to use the restroom as needed related to her disability;

      g. Punishing Plaintiff for absences related to her disability;

      i. Failing to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations to the job she was assigned or another vacant position;

      j. Harassing, discriminating against and retaliating against Plaintiff for taking medical and/or negotiated leave in order to seek treatment and heal;

      k. Retaliating against and wrongfully terminating Plaintiff on or about October 17, 2013, for the false and/or exaggerated and/or pretextual reason that business conditions could no longer support Plaintiff's request for leave and Perona could no longer perform the essential functions of the position and would require a full 9-week care training.

30.     At all relevant times, Perona was qualified for her job position with Time Warner and could perform all essential functions and fundamental duties of her job, and of reasonably available alternative positions of Time Warner, either with or without reasonable accommodations, without endangering Perona's or anyone else's health or safety.

31.     Perona filed a Complaint of Discrimination with the California Department of Fair Employment and Housing and obtained her "right-to-sue" letter. Perona has exhausted her administrative remedies.

6

**COMPLAINT FOR DAMAGES**

**FIRST CAUSE OF ACTION**

**DISCRIMINATION IN VIOLATION OF FEHA**

**(Against TIME WARNER and DOES 1-50, Inclusive)**

32.     Perona re-alleges and incorporates herein by reference paragraphs 1 through 31, inclusive, as though fully set forth herein.

33.     During Perona's employment with Defendants, Perona suffered from a disability. Perona's disability was known to Defendants.

34.     Defendants engaged in unlawful employment practices in violation of the Fair Employment and Housing Act ("FEHA") by engaging in discriminatory conduct against Perona, including, but not limited to: a) failing to accommodate Perona's restrictions resulting from her disabilities; b) failing to engage in the interactive process; c) failing to stop the discrimination and retaliation against Perona; d) terminating Perona's employment; and e) engaging in other discriminatory conduct against Perona on the basis of her disabilities and/or perceived disabilities.

35.     Perona is informed and believes and based thereon alleges that her disabilities and/or perceived disabilities were motivating factors in Defendants' failure to provide Perona with an accommodation for her work-related restrictions, terminating Perona's employment, and other discriminatory conduct, in violation of Government Code section 12940(a).

36.     The wrongful employment actions alleged above, were, in part due to prohibited discriminatory reasons, including Perona's disabilities, perceived disabilities and/or retaliation for requesting accommodations for her disabilities, all in violation of statute.

37.     By the aforesaid acts and omissions of Time Warner and DOES 1-50, and each of them, Perona has been directly and legally caused to suffer actual damages including, but not limited to, substantial losses in earnings, other employment benefits, and future earning capacity, and other pecuniary loss not presently ascertained, in an amount according to proof at the time of trial.

38.     As a further direct and legal result of the acts and conduct of Time Warner and DOES 1-50, and each of them, Perona has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, sleeplessness,

7

**COMPLAINT FOR DAMAGES**

1   pain, discomfort and anxiety, all to her damage in an amount according to proof at the time of trial.

2        39.    Perona has been generally damaged in an amount within the jurisdictional limits of

3   this Court.

4        40.    Perona is informed and believes and thereon alleges that Time Warner and DOES

5   1-50, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or

6   ratifying such acts, engaged in wilful, malicious, intentional, oppressive, fraudulent and despicable

7   conduct, and acted in wilful and conscious disregard of the rights, welfare and safety of Perona

8   thereby justifying the award of punitive and exemplary damages in an amount according to proof

9   at the time of trial.

10        41.    As a result of conduct of Time Warner and DOES 1-50, and each of them, as

11   alleged herein, Perona is entitled to reasonable attorneys' fees and/or costs of suit, in an amount

12   according to proof at the time of trial.

13   <u>**SECOND CAUSE OF ACTION**</u>

14   **FAILURE TO PREVENT DISCRIMINATION**

15   **(Against TIME WARNER and DOES 1-50, Inclusive)**

16        42.    Perona re-alleges and incorporates herein by reference paragraphs 1 through 41,

17   inclusive, as though fully set forth herein.

18        43.    Government Code section 12940(k) provides that "it shall be an unlawful

19   employment practice for . . . an employer, labor organization, employment agency, apprenticeship

20   training program, or any training program leading to employment, to fail to take all reasonable

21   steps necessary to prevent discrimination and harassment from occurring."

22        44.    During the course of Perona's employment with Time Warner and DOES 1-50, and

23   each of them, Defendants breached their affirmative duty to take the reasonable steps necessary to

24   prevent discrimination and retaliation from occurring in the workplace.

25        45.    As a direct and proximate result of Defendants' and each of their conduct, Perona

26   was subject to unlawful discriminatory and retaliatory conduct on the basis of her disabilities

27   and/or perceived disabilities, requesting and/or taking protected leave in violation of Government

28   Code section 12940(k).

8

<u>**COMPLAINT FOR DAMAGES**</u>

46.     By the aforesaid acts and omissions of Time Warner and DOES 1-50, and each of them, Perona has been directly and legally caused to suffer actual damages including, but not limited to, substantial losses in earnings, other employment benefits, and future earning capacity, and other pecuniary loss not presently ascertained, in an amount according to proof at the time of trial.

47.     As a further direct and legal result of the acts and conduct of Time Warner and DOES 1-50, and each of them, Perona has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, mental and physical pain, discomfort and anxiety, all to her damage in an amount according to proof at the time of trial. Perona does not know at this time the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some if not all of the injuries are reasonably certain to be permanent in character.

48.     Perona has been generally damaged in an amount within the jurisdictional limits of this Court.

49.     Time Warner and DOES 1-50, and each of them, also acted in wilful and conscious disregard of the rights, welfare and safety of Perona thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

50.     As a result of conduct of Time Warner and DOES 1-50, and each of them, as alleged herein, Perona is entitled to reasonable attorneys' fees and/or costs of suit, in an amount according to proof at the time of trial.

**THIRD CAUSE OF ACTION**

**FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**

**(Against TIME WARNER and DOES 1-50, Inclusive)**

51.     Perona re-alleges and incorporates herein by reference paragraphs 1 through 50, inclusive, as though fully set forth herein.

52.     Government Code section 12940(n) provides that "it shall be an unlawful employment practice for . . . an employer or other entity covered by this part to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective

9

**COMPLAINT FOR DAMAGES**

1  reasonable accommodations, if any, in response to a request for reasonable accommodation by an

2  employee or applicant with a known physical or mental disability or known medical condition."

3       53.     During the course of Perona's employment with Time Warner and DOES 1-50, and

4  each of them, engaged in unlawful employment practices in violation of Government Code section

5  12940(n) by failing to engage in a timely, good faith, interactive process with Perona to determine

6  effective reasonable accommodations for Perona's known disability, including fibromyalgia.

7  Instead of engaging in the interactive process to determine possible accommodation for Perona's

8  disabilities, Defendants ignored Perona's attempts to engage in the interactive process.

9       54.     By the aforesaid acts and omissions of Time Warner and DOES 1-50, and each of

10  them, Perona has been directly and legally caused to suffer actual damages including, but not

11  limited to, substantial losses in earnings, other employment benefits, and future earning capacity,

12  and other pecuniary loss not presently ascertained, in an amount according to proof at the time of

13  trial.

14       55.     As a further direct and legal result of the acts and conduct of Time Warner and

15  DOES 1-50, and each of them, Perona has been caused to and did suffer and continues to suffer

16  severe emotional and mental distress, anguish, humiliation, embarrassment, fright, sleeplessness,

17  pain, discomfort and anxiety, all to her damage in an amount according to proof at the time of trial.

18       56.     Perona has been generally damaged in an amount within the jurisdictional limits of

19  this Court.

20       57.     Perona is informed and believes and thereon alleges that Time Warner and DOES

21  1-50, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or

22  ratifying such acts, engaged in wilful, malicious, intentional, oppressive, fraudulent and despicable

23  conduct.

24       58.     Time Warner and DOES 1-50, and each of them, also acted in wilful and conscious

25  disregard of the rights, welfare and safety of Perona thereby justifying the award of punitive and

26  exemplary damages in an amount to be determined at trial.

27       59.     As a result of conduct of Defendants and DOES 1-50, and each of them, as alleged

28  herein, Perona is entitled to reasonable attorneys' fees and/or costs of suit, in an amount according

10

**COMPLAINT FOR DAMAGES**

     

1    to proof at the time of trial.

2                          **FOURTH CAUSE OF ACTION**

3                  **FAILURE TO ACCOMMODATE DISABILITY**

4              **(Against TIME WARNER and DOES 1-50, Inclusive)**

5         60.    Perona re-alleges and incorporates herein by reference paragraphs 1 through 59,

6    inclusive, as though fully set forth herein.

7         61.    Government Code section 12940(m) provides that: "It shall be an unlawful

8    employment practice for . . . an employer or other entity covered by this part to fail to make

9    reasonable accommodation for the known physical or mental disability of an applicant or

10   employee."

11        62.    During the course of Perona's employment with Defendants, Time Warner and

12   DOES 1-50, and each of them, engaged in unlawful employment practices in violation of

13   Government Code section 12940(m) by failing to make reasonable accommodation for Perona's

14   known disability, including fibromyalgia.

15        63.    By the aforesaid acts and omissions of Time Warner and DOES 1-50, and each of

16   them, Perona has been directly and legally caused to suffer actual damages including, but not

17   limited to, substantial losses in earnings, other employment benefits, and future earning capacity,

18   and other pecuniary loss not presently ascertained, in an amount according to proof at the time of

19   trial.

20        64.    As a further direct and legal result of the acts and conduct of Time Warner and

21   DOES 1-50, and each of them, Perona has been caused to and did suffer and continues to suffer

22   severe emotional and mental distress, anguish, humiliation, embarrassment, fright, sleeplessness,

23   pain,  discomfort and anxiety, all to her damage in an amount according to proof at the time of

24   trial.

25        65.    Perona has been generally damaged in an amount within the jurisdictional limits

26   of this Court.

27        66.    Perona is informed and believes and thereon alleges that Time Warner and DOES

28   1-50, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or

                                      11
                          **COMPLAINT FOR DAMAGES**

1  ratifying such acts, engaged in wilful, malicious, intentional, oppressive, fraudulent and despicable

2  conduct.

3       67.    Time Warner and DOES 1-50, and each of them, also acted in wilful and conscious

4  disregard of the rights, welfare and safety of Perona thereby justifying the award of punitive and

5  exemplary damages in an amount to be determined at trial.

6       68.    As a result of conduct of Time Warner and DOES 1-50, and each of them, as

7  alleged herein, Perona is entitled to reasonable attorneys' fees and/or costs of suit, in an amount

8  according to proof at the time of trial.

9                           **FIFTH CAUSE OF ACTION**

10      **RETALIATION IN VIOLATION OF GOVERNMENT CODE §12940(h)**

11                  **(Against TIME WARNER and DOES 1-50, Inclusive)**

12      69.    Perona re-alleges and incorporates herein by reference paragraphs 1 through 68,

13  inclusive, as though fully set forth herein.

14      70.    Defendants were motivated to discriminate against Perona on grounds that violate

15  the FEHA, Government Code sections 12940, et. seq., Civil Code section 56.20, in retaliation for

16  engaging in protected activity including but not limited to, requesting an accommodation, taking a

17  disability leave of absence, refusing to disclose confidential medical information, and requesting

18  her rest periods as allowed by law.

19      71.    During her employment with Defendants, Perona engaged in the following legally

20  protected activities: a) requested reasonable accommodation for her known and/or perceived

21  disability; b) took time off of work for her disability; c) complained to Defendants regarding unfair

22  and discriminatory treatment; d) refused to disclose to Defendants confidential medical

23  information; and e) complained to Defendants regarding her inability to take rest periods as

24  required by law.

25      72.    Perona's protected activities were motivating factors in Defendants' decision to

26  terminate Perona's employment.

27      73.    By the aforesaid acts and omissions of Time Warner and DOES 1-50, and each of

28  them, Perona has been directly and legally caused to suffer actual damages including, but not

                                    12
                        **COMPLAINT FOR DAMAGES**

1    limited to, substantial losses in earnings, other employment benefits, and future earning capacity,

2    and other pecuniary loss not presently ascertained, in an amount according to proof at the time of

3    trial.

4        74.    As a further direct and legal result of the acts and conduct of Time Warner and

5    DOES 1-50, and each of them, Perona has been caused to and did suffer and continues to suffer

6    severe emotional and mental distress, anguish, humiliation, embarrassment, fright, mental and

7    physical pain, discomfort and anxiety, all to her damage in an amount according to proof at the

8    time of trial. Perona does not know at this time the exact duration or permanence of said injuries,

9    but is informed and believes, and thereon alleges, that some if not all of the injuries are reasonably

10   certain to be permanent in character.

11       75.    Time Warner and DOES 1-50, and each of them, also acted in wilful and conscious

12   disregard of the rights, welfare and safety of Perona thereby justifying the award of punitive and

13   exemplary damages in an amount to be determined at trial.

14       76.    As a result of conduct of Time Warner and DOES 1-50, and each of them, as

15   alleged herein, Perona is entitled to reasonable attorneys' fees and/or costs of suit, in an amount

16   according to proof at the time of trial.

17                          **SIXTH CAUSE OF ACTION**

18                  **IMPERMISSIBLE NON-JOB RELATED INQUIRY**

19                       **GOVERNMENT CODE §12940(f);**

20                  **(Against TIME WARNER and DOES 1-50, Inclusive)**

21       77.    Perona re-alleges and incorporates herein by reference paragraphs 1 through 76,

22   inclusive, as though fully set forth herein.

23       78.    Government Code section 12940(f) provides it is an unlawful employment practice

24   "for any employer or employment agency to require any medical or psychological examination of

25   an employee, to make any medical or psychological inquiry of an employee, to make an inquiry

26   whether an employee has a mental disability, physical disability, or medical condition, or to make

27   any inquiry regarding the nature or severity of a physical disability, mental disability, or medical

28   condition."

                                          13
                          **COMPLAINT FOR DAMAGES**

Client Files\PERO01\001\00059830.WPD                                    Printed on Recycled Paper

79.     During the course of her employment with Time Warner, Plaintiff suffered from a serious physical disability and medical condition that requires ongoing treatment and limited major life activities. Plaintiff's condition falls under the definition of "disability" under California law.

80.     Defendants knew  knew Plaintiff had a physical disability and/or medical condition.

81.     Plaintiff was able to perform the essential job duties with reasonable accommodation for her physical disability and medical condition. At all times during her employment, Plaintiff was otherwise qualified to do her job.

82.     Defendants made non-job related inquires regarding the nature and severity of Plaintiff's disability and/or medical condition, including but not limited to asking to speak to Plaintiff's doctor and listen to her appointment and confidential medical information.

83.     By the aforesaid acts and omissions of Time Warner and DOES 1-50, and each of them, Perona has been directly and legally caused to suffer actual damages including, but not limited to, substantial losses in earnings, other employment benefits, and future earning capacity, and other pecuniary loss not presently ascertained, in an amount according to proof at the time of trial.

84.     As a further direct and legal result of the acts and conduct of Time Warner and DOES 1-50, and each of them, Perona has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, mental and physical pain, discomfort and anxiety, all to her damage in an amount according to proof at the time of trial.  Perona does not know at this time the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some if not all of the injuries are reasonably certain to be permanent in character.

85.     Time Warner and DOES 1-50, and each of them, also acted in wilful and conscious disregard of the rights, welfare and safety of Perona thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

86.     As a result of conduct of Time Warner and DOES 1-50, and each of them, as alleged herein, Perona is entitled to reasonable attorneys' fees and/or costs of suit, in an amount according to proof at the time of trial.

14

**COMPLAINT FOR DAMAGES**

Printed on Recycled Paper

**SEVENTH CAUSE OF ACTION**

**WRONGFUL TERMINATION**

**IN VIOLATION OF STATUTE AND PUBLIC POLICY**

**(Against TIME WARNER and DOES 1-50, Inclusive)**

87.     Perona re-alleges and incorporates herein by reference paragraphs 1 through 86, inclusive, as though fully set forth herein.

88.     As set forth herein, Defendants, and each of them, among other things, terminated Perona's employment. In taking such actions, Defendants were motivated, in whole or in part, by Perona's disability and/or her perceived disabilities, and/or Perona's requests for accommodation and/or taking medical leaves of absence, and/or retaliation for taking and requesting a rest period.

89.     By reason of the aforementioned acts and conduct, Defendants, and each of them, violated the fundamental public policies of the State of California, as embodied in the California Constitution, sections 12940, 12945, 12941 and 12945.2 of the California Government Code, and other statutes and regulations. Such fundamental public policies prohibit employers from discriminating against employees, or from retaliating against and harassing employees for engaging in protected activity.

90.     By the aforesaid acts and omissions of Defendants, and each of them, Perona has been directly and legally caused to suffer actual damages including, but not limited to, substantial losses in earnings, other employment benefits, and future earning capacity, and other pecuniary loss not presently ascertained, in an amount according to proof at the time of trial.

91.     As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Perona has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, mental and physical pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to Perona. Perona does not know at this time the exact duration or permanence of said injuries, but is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

92.     Perona has been generally damaged in an amount within the jurisdictional limits of

15

**COMPLAINT FOR DAMAGES**

1  this Court.

2      93.    Perona is informed and believes and thereon alleges that the Defendants, and

3  each them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts,

4  engaged in wilful, malicious, intentional, oppressive and despicable conduct, and acted with wilful

5  and conscious disregard of Perona's rights, welfare and safety, thereby justifying the award of

6  punitive and exemplary damages in an amount to be determined at trial.

7                              **EIGHTH CAUSE OF ACTION**

8                **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

9                    **(Against TIME WARNER and DOES 1-50, Inclusive)**

10     94.    Perona re-alleges and incorporates herein by reference paragraphs 1 through 93,

11  inclusive, as though fully set forth herein.

12     95.    The conduct of Defendants, and each of them, as set forth above was so extreme

13  and outrageous that it exceeded the boundaries of a decent society and lies outside of the

14  compensation bargain.  Said conduct was intended to cause severe emotional distress, or was done

15  in conscious disregard of the probability of causing severe emotional distress.

16     96.    As a direct and legal result of the acts and conduct of Defendants, and each of them,

17  as aforesaid, Perona has been caused to and did suffer and continues to suffer severe emotional and

18  mental distress, anguish, humiliation, embarrassment, fright, mental and physical pain, discomfort

19  and anxiety.  Perona does not know at this time the exact duration or permanence of said injuries,

20  but is informed and believes, and thereon alleges, that some if not all of the injuries are reasonably

21  certain to be permanent in character.

22     97.    Perona has been generally damaged in an amount within the jurisdictional limits of

23  this Court.

24     98.    Perona is informed and believes and thereon alleges that the Defendants, and each

25  of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts,

26  engaged in wilful, malicious, intentional, oppressive, fraudulent and despicable conduct, and acted

27  in wilful and conscious disregard of the rights, welfare and safety of Perona, thereby justifying the

28  award of punitive and exemplary damages in an amount to be determined at trial.

16

**COMPLAINT FOR DAMAGES**

## NINTH CAUSE OF ACTION

## FAILURE TO PROVIDE ADEQUATE

## REST PERIODS - PREMIUM WAGES

(Against TIME WARNER and DOES 1-50, Inclusive)

99.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 98 inclusive, as though fully set forth herein.

100.    Pursuant to Wage Order 4-2001, section 12, every employer shall authorize and permit all employees to take rest periods, at the rate of 10 minutes of rest per four hours of work, or major fraction thereof. Pursuant to Labor Code section 226.7 and Wage Order 4-2001, section 12(b), each failure to provide the specified rest period entitles the employee to receive an additional compensation premium equal to one hour of pay.

101.    Plaintiff regularly worked without being provided 10 minute breaks for every 4 hours worked (or major fraction thereof), as required by the Wage Orders. When Plaintiff took a rest break she was punished for taking the break.

102.    Because Defendants failed to afford proper rest periods, they are therefore liable to Plaintiff for 1 hour of additional pay at the regular rate of compensation ("premium pay") for each occasion that the proper break period was not provided, pursuant to Labor Code section 226.7 and the Wage Orders.

103.    Labor Code section 201 requires an employer who terminates an employee to pay wages due and owing to said employee immediately upon termination. Labor Code section 203 provides that if an employer willfully fails to pay wages promptly upon termination, as required by section 201, the employer is liable for waiting time penalties in the form of continued compensation for up to 30 work days for failure to pay such wages.

104.    Defendants willfully failed and refused, and continue to willfully fail and refuse, to timely pay wages, including rest period pay, to Plaintiff whose employment was terminated. As a result, Defendants are liable to Plaintiff for waiting time penalties, together with interest thereon and attorneys' fees and costs, pursuant to California Labor Code section 203.

105.    As a result of conduct of Defendants, and each of them, as alleged herein, Plaintiff

17

## COMPLAINT FOR DAMAGES

1    is entitled to reasonable attorneys' fees and/or costs of suit, in an amount according to proof at the

2    time of trial.

3        106.    Pursuant to California public policy and Labor Code sections 200, 201-203 and

4    204, it is the fundamental right of Plaintiff to receive timely payment of all compensation due,

5    including the premium compensation which she earned, as a matter of California law, as

6    compensation for missed rest breaks.

7        107.    Notwithstanding the provisions of California law requiring an employer to provide

8    timely and full rest breaks, and premium pay when said est breaks do not comply with state

9    mandates, Defendants have deliberately and intentionally engaged in a practice of failing to

10   provide rest breaks as required by law and pay the premium compensation due by law as

11   consideration for foregoing such rest breaks.

12       108.    As a result, Plaintiff is entitled to recover the aggregate sum, according to proof, of

13   all premium compensation due for foregone rest breaks.

14                              **TENTH CAUSE OF ACTION**

15                          **UNFAIR BUSINESS PRACTICES**

16                    **(Against Time Warner and DOES 1-50, Inclusive)**

17       109.    Perona re-alleges and incorporates herein by reference paragraphs 1 through 108,

18   inclusive, as though fully set forth herein.

19       110.    Time Warner and DOES 1-50, and each of them, engaged in unfair competition by

20   committing the following acts, including but not limited to: a) discriminating against Perona

21   because of her disabilities and/or perceived disabilities; b) failing to accommodate Perona; and c)

22   terminating Perona's employment based on her disabilities, her protected conduct of requesting a

23   reasonable accommodation and/or taking a disability leave of absence.

24       111.    Defendants' conduct, as alleged above, constitutes unlawful, unfair and fraudulent

25   activity prohibited by Business and Professions Code sections 17200, et seq.

26       112.    As a result of their improper acts, Time Warner and DOES 1-50, and each of them,

27   have reaped and continue to reap unfair benefits and illegal profits at Perona's expense.  Time

28   Warner and DOES 1-50, and each of them, should be made to restore to Perona these gains

                                           18
                          **COMPLAINT FOR DAMAGES**

1  pursuant to Business and Professions Code section 17203.

2        113.    Defendants and DOES 1-50, and each of them, should also be subjected to a

3  permanent injunction prohibiting Defendants and DOES 1-50, and each of them, from violating

4  the FEHA.

5        114.    Time Warner and DOES 1-50, and each of them, should also be subjected to

6  penalties pursuant to Business and Professions Code section 17202 et seq.

7                              **PRAYER FOR RELIEF**

8        WHEREFORE, Perona prays for judgment against Defendants, and each of them, and for

9  the following relief against Defendants, and each of them, as follows:

10       1.     For compensatory and general damages in an amount within the jurisdictional

11              limits of the Court;

12       2.     For special damages in an amount within the jurisdictional limits of this Court

13              according to proof for Perona's loss of past and future earnings, loss of benefits,

14              loss of job security and all damages flowing therefrom;

15       3.     For all general and special damages to compensate Perona for any past and future

16              medical expenses and suffering and related damages;

17       4.     For emotional distress damages where available by law;

18       5.     For punitive, treble, liquidated or other damages where available by law;

19       6.     For attorneys' fees and costs on causes of action where fees are available by law;

20       7.     For Defendants to be enjoined to cease and desist from unlawful activities in

21              violation of Business and Professions Code sections 17200, et seq.;

22       8.     Prejudgment and post-judgment interest as available by law;

23       9.     For costs of suit incurred herein;

24       10.    For such other and further relief as this Court may deem just and proper.

25  DATED: September 17, 2014              MAGNANIMO & DEAN, LLP

26

27                            By: _____
                                  AUDREY L. PRIDLO
28                                Attorneys for Plaintiff
                                  Katrina Perona

                                         19

                              **COMPLAINT FOR DAMAGES**

1   **PLAINTIFF'S DEMAND FOR JURY TRIAL**

2        Plaintiff Katrina Perona hereby demands a trial by jury.

3

4   DATED: September 17, 2014                    **MAGNANIMO & DEAN, LLP**

5
                                         By: _____
6                                            AUDREY L. PRIOLO
                                             Attorneys for Plaintiff
7                                            Katrina Perona

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**

Client Files\PERO01\001\00059830.WPD                                    Printed on Recycled Paper

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Katrina Perona

CASE NO. CIVDS1414063

vs.

**CERTIFICATE OF ASSIGNMENT**

Time Warner Cable, Inc.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
San Bernardino District of the Superior Court under Rule 404 of this court for the checked reason:

■ General            ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other Employment | Location where cause of action arose. |
| | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| Address of employer | | 4295 Jurupa St. | |
|---|---|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | | ADDRESS | |
| Ontario | CA | | 91761 |
| CITY | STATE | | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on September 17, 2014 at Sherman Oaks , California

Signature of Attorney/Party

### CERTIFICATE OF ASSIGNMENT

13-16503-360, Rev 06-2014

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):
Audrey L. Priolo, Esq. SB# 239576
Magnanimo & Dean, LLP
15260 Ventura Blvd., Ste 1550
Sherman Oaks, CA 91403
TELEPHONE NO.: (818) 305-3450    FAX NO.: (818) 305-3451
ATTORNEY FOR (Name): Plaintiff Katrina Perona

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 247 W. Third St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, CA 92415-0210
BRANCH NAME: San Bernardino District - Civil Division

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

SEP 19 2014

BY _____ NICOLE HYDUKOVICH, DEPUTY

CASE NAME:
Perona v. Time Warner Cable, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CIVDS1414063 |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter | ☐ Joinder | |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): 10
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 17, 2014

Audrey L. Priolo, Esq.
(TYPE OR PRINT NAME)                                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
------------------------------------------------------------------------
------------------------------------------------------------------------
                                    CASE NO: CIVDS1414063

    MAGNANIMO & DEAN LLP
    15260 VENTURA BLVD
    SUITE 1550
    SHERMAN OAKS CA 91403
                            NOTICE OF TRIAL SETTING CONFERENCE
                            and NOTICE OF CASE ASSIGNMENT

IN RE: PERONA V TIME WARNER

THIS CASE HAS BEEN ASSIGNED TO: JOHN M PACHECO IN DEPARTMENT S31
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at  247 West Third Street
SAN BERNARDINO, CA  92415-0210.

        HEARING DATE: 03/18/15 at  8:30 in Dept. S31


DATE: 09/19/14  Christina M. Volkers, Clerk of the Court
                                    By: NICOLE HYDUKOVICH
------------------------------------------------------------------------
------------------------------------------------------------------------
                        CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(✓) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 09/19/14
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 09/19/14 at San Bernardino, CA

                            BY: NICOLE HYDUKOVICH

civ-ntsc-20130417

# EXHIBIT B

First Legal Support   (951) 779-0100   00/00/2013

1  **HILL, FARRER & BURRILL LLP**
   James A. Bowles (Bar No. 089383)
2  Casey L. Morris (Bar No. 238455)
   Elissa L. Gysi (Bar No. 281338)
3  One California Plaza, 37th Floor
   300 South Grand Avenue
4  Los Angeles, CA 90071-3147
   Telephone: (213) 620-0460
5  Fax: (213) 624-4840

6  Attorneys for Defendant
   Time Warner Cable, Inc.

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  COUNTY OF SAN BERNARDINO

10

11  KATRINA PERONA, an individual,        CASE NO.  CIVDS1414063

12          Plaintiff,
                                          ANSWER OF DEFENDANT TIME WARNER
13      vs.                               CABLE INC. TO PLAINTIFF'S COMPLAINT

14  TIME WARNER CABLE, INC., a
    corporation; and DOES 1-50, Inclusive,
15                                        Dept.:  S31
            Defendant.                    Judge:  Hon. John M. Pacheco
16

17

18          NOW COME defendant TIME WARNER CABLE, INC. ("TWC" or "Defendant") for

19  itself and no other defendant, and for its Answer to Plaintiff's unverified Complaint alleges as

20  follows:

21          Pursuant to §431.30(d) of the California Code of Civil Procedure, Defendant generally

22  denies each and every allegation contained in Plaintiff's Complaint, and denies that Plaintiff

23  sustained damages by reason of any act, breach or omission of Defendant.

24          Furthermore, as to each of the causes of action alleged in the Complaint, Defendant

25  alleges the following affirmative defenses, however, Defendant has not had a reasonable

26  opportunity to investigate all of the claims and allegations set forth in the Complaint, and

27  Defendant hereby reserves the right to waive any affirmative defenses asserted in this Answer or

28  to assert additional affirmative defenses as the facts become known:

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT 2 0 2014

BY _Leandra Hendrix_
LEANDRA HENDRIX, DEPUTY

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

ANSWER TO COMPLAINT

1    **HILL, FARRER & BURRILL LLP**
     James A. Bowles (Bar No. 089383)
2    Casey L. Morris (Bar No. 238455)
     Elissa L. Gysi (Bar No. 281338)
3    One California Plaza, 37th Floor
     300 South Grand Avenue
4    Los Angeles, CA  90071-3147
     Telephone:  (213) 620-0460
5    Fax:  (213) 624-4840

6    Attorneys for Defendant
     Time Warner Cable, Inc.
7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                           COUNTY OF SAN BERNARDINO

10

11   KATRINA PERONA, an individual,            CASE NO.  CIVDS1414063

12                    Plaintiff,
                                               ANSWER OF DEFENDANT TIME WARNER
13         vs.                                 CABLE INC. TO PLAINTIFF'S COMPLAINT

14   TIME WARNER CABLE, INC., a
     corporation; and DOES 1-50, Inclusive,
15                                             Dept.:  S31
                     Defendant.                Judge:  Hon. John M. Pacheco
16

17

18         NOW COME defendant TIME WARNER CABLE, INC. ("TWC" or "Defendant") for

19   itself and no other defendant, and for its Answer to Plaintiff's unverified Complaint alleges as

20   follows:

21         Pursuant to §431.30(d) of the California Code of Civil Procedure, Defendant generally

22   denies each and every allegation contained in Plaintiff's Complaint, and denies that Plaintiff

23   sustained damages by reason of any act, breach or omission of Defendant.

24         Furthermore, as to each of the causes of action alleged in the Complaint, Defendant

25   alleges the following affirmative defenses, however, Defendant has not had a reasonable

26   opportunity to investigate all of the claims and allegations set forth in the Complaint, and

27   Defendant hereby reserves the right to waive any affirmative defenses asserted in this Answer or

28   to assert additional affirmative defenses as the facts become known:

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

The Complaint and each cause of action contained therein fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

Each of Plaintiff's claims is barred by the applicable statute of limitations, including, but not limited to, those contained in Sections §§335.1, 338(a), 340, 339 and 343 of the California Code of Civil Procedure and Sections 12960 and 12965 of the Government Code.

### THIRD AFFIRMATIVE DEFENSE

#### (Lack Of Subject Matter Jurisdiction)

The Court lacks subject matter jurisdiction over the Complaint and each of its causes of action.

### FOURTH AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Internal Remedies)

The Complaint and each purported cause of action therein is barred by Plaintiff's failure to exhaust internal remedies available through her employer, Defendant TWC.

### FIFTH AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Administrative Remedies)

The Complaint and each purported cause of action therein is barred, in whole or in part, by Plaintiff's failure to exhaust her administrative remedies under the Fair Employment and Housing Act.

### SIXTH AFFIRMATIVE DEFENSE

#### (Laches and Acquiescence)

The Complaint and each purported cause of action alleged therein is barred by the doctrines of laches and acquiescence.

- 2 -

### SEVENTH AFFIRMATIVE DEFENSE

#### (Waiver and Estoppel)

The Complaint and each purported cause of action is barred, because Plaintiff by her conduct waived and is estopped from asserting or enforcing any claim in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

#### (De Minimus Doctrine)

The Complaint, and each cause of action, is barred by the de minimis doctrine and Plaintiff should be denied any relief whatsoever because any wages which were not paid to her were de minimis.

### NINTH AFFIRMATIVE DEFENSE

#### (Willful Breach of Duty)

Any damages suffered by Plaintiff were the sole and proximate result of Plaintiff's willful breach of duty in the course of her employment, and/or her neglect of her duty or continued incapacity to perform it, and/or other breaches of his obligations as an employee under the California Labor Code, and Defendant is therefore exonerated from any liability to Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

The Complaint is barred in whole or in part by the equitable principle of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Legitimate Nondiscriminatory Reason)

All of the actions of Defendant toward Plaintiff were undertaken for legitimate, nondiscriminatory business reasons.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Management Privilege)

The Complaint and each purported cause of action is barred, because any and all conduct of which Plaintiff complains and which is attributed to Defendant, was a just and proper exercise of management discretion undertaken for fair and honest reasons and regulated by good faith under the circumstances then existing.

- 3 -

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Business Justification)

Defendant is not liable to Plaintiff because Defendant's business practices allegedly giving rise to the claims and causes of action set forth in the Complaint were not unfair, unlawful or fraudulent, but were instead justified by the legitimate business interests of Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Justification and Legal Privilege)

The actions of Defendant were at all times justified and legally privileged in all respects, and were taken for sound, proper, fair and honest business reasons and purposes, with a good faith belief in the existence of those rights, and the nondiscriminatory reasons alone would have induced Defendant to make its decisions.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

Plaintiff's claim is preempted and thus barred, in whole or in part, by the exclusive remedy of the California Workers' Compensation Act, Labor Code, § 3601 and §3602. Plaintiff's claims assert compensable injuries which occurred at a time when Plaintiff and her employer, Defendant TWC, were subject to the compensation provisions of the Act, and at a time when Plaintiff was performing services growing out of and incidental to her employment, and any alleged injury to Plaintiff was caused by her employment.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Notify of Disability)

If Plaintiff has or had any disability or medical condition protected by law, which the answering Defendant denies, Plaintiff failed to place this answering Defendant on notice of any such disability or condition.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA  37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Request Accommodation)

If Plaintiff has or had any disability or medical condition protected by law, which the answering Defendant denies, Plaintiff failed to request an accommodation based on any disability or condition.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Unreasonable Accommodation Imposing an Undue Hardship)

The accommodations requested by Plaintiff for her alleged disabilities were unreasonable and would have imposed an undue hardship on Defendant and its employees.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Inability to Perform Job Functions)

If Plaintiff has or had any disability or medical condition protected by law, which the answering Defendant denies, Plaintiff was not a qualified individual and could not perform the essential functions of any position with or without a reasonable accommodation.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Failure to Notify Employer of Wrongful Conduct)

If Plaintiff was subjected to any of the wrongful conduct alleged in the Complaint, which the answering Defendant denies, Plaintiff failed to timely advise the answering Defendant or otherwise place the answering Defendant on notice of said conduct.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Reasonable Care to Prevent Discrimination, Harassment & Retaliation)

Defendant TWC is not liable to Plaintiff for damages resulting from any discriminatory, harassing, or retaliatory conduct engaged in by its employees or agents, because it exercised reasonable care to prevent and correct promptly any discriminatory, harassing, or retaliatory behavior and Plaintiff failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

ANSWER TO COMPLAINT

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff has failed to mitigate her damages, if any, and is therefore barred from recovering damages by way of the Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (After Acquired Evidence)

Defendants are informed and believes and on this basis alleges that Plaintiff engaged in misconduct during her employment which, if known to Defendant, would have constituted reasonable and justifiable grounds for her termination, and would therefore bar Plaintiff from recovering damages by way of her Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Lack of Basis for Punitive Damages)

Plaintiff's Complaint and each purported cause of action alleged therein fails to state facts sufficient to entitle Plaintiff to an award of punitive damages in any amount whatsoever, or at all.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Lack of Basis for Damages and Attorneys' Fees)

The Complaint and each purported cause of action alleged therein fail to state facts which would support an award of statutory damages and/or attorneys' fees.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Frivolous Claim)

Defendant has engaged the law firm of Hill, Farrer & Burrill, LLP to represent it in defense of Plaintiff's frivolous, unfounded and unreasonable complaint, and Defendant is thereby entitled to an award of reasonable attorneys' fees pursuant to Government Code Section 12965 and Code of Civil Procedure Section 128.7 upon judgment thereon in its favor.

ANSWER TO COMPLAINT

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff take nothing by her Complaint;

2.     That the Complaint be dismissed in its entirety, with prejudice;

3.     That Defendant be awarded its costs of suit and reasonable attorneys' fees incurred in this action; and

4.     That Defendant be awarded such other relief as this Court deems proper.


DATED:   October 16, 2014              HILL, FARRER & BURRILL LLP


                                       By: _____
                                           James A. Bowles
                                           Attorneys for Defendant
                                           Time Warner Cable, Inc.

HFB 1461241.1 A5431001

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

- 7 -

ANSWER TO COMPLAINT

**PROOF OF SERVICE**

I, La Venia Forté, declare:

I am a resident of the state of California and over the age of eighteen years, and not a party to the within action; my business address is Hill, Farrer & Burrill LLP, One California Plaza, 37th Floor, Los Angeles, California  90071-3147.  On October 20, 2014, I served the within documents:

ANSWER OF DEFENDANT TIME WARNER CABLE INC.
TO PLAINTIFF'S COMPLAINT

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐   by causing personal delivery by Delivery Service of the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Delivery Service agent for delivery.

Frank A. Magnanimo, Esq.
Audrey L. Priolo, Esq.
Magnanimo & Dean, LLP
15260 Ventura Blvd., Suite 1550
Sherman Oaks, CA  91403
Phone: (818) 305-3450
Fax: (818) 305-3451
Email: frank@magdeanlaw.com;
audrey@magdeanlaw.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 20, 2014, at Los Angeles, California.

_____
La Venia Forté

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

EXHIBIT C

1   **HILL, FARRER & BURRILL LLP**
    James A. Bowles (Bar No. 089383)
2   Casey L. Morris (Bar No. 238455)
    Elissa L. Gysi (Bar No. 281338)
3   One California Plaza, 37th Floor
    300 South Grand Avenue
4   Los Angeles, CA  90071-3147
    Telephone:  (213) 620-0460
5   Fax:  (213) 624-4840

6   Attorneys for Defendant
    Time Warner Cable, Inc.

7

8   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9   COUNTY OF SAN BERNARDINO

10

11  KATRINA PERONA, an individual,           CASE NO.  CIVDS1414063

12              Plaintiff,
                                             **REQUEST FOR ADMISSION**
13       vs.
                                             Dept.:  S31
14  TIME WARNER CABLE, INC., a               Judge:  Hon. John M. Pacheco
    corporation; and DOES 1-50, Inclusive,
15
                Defendant.
16

17

18

19  PROPOUNDING PARTY:    Defendant, TIME WARNER CABLE, INC.

20  RESPONDING PARTY:     Plaintiff, KATRINA PERONA

21  SET:                  ONE

22  TO PLAINTIFF KATRINA PERONA AND HER ATTORNEY OF RECORD:

23       You are hereby requested to answer, under penalty of perjury the following Request for

24  Admission under California Code of Civil Procedure Section 2033.010 et seq., and to serve your

25  answers on Defendant no later than 30 days after the date of service of this Request for

26  Admissions.

27

28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

**REQUESTS FOR ADMISSION**

      1.    Admit that you are seeking damages in this action in an amount exceeding $75,000, including attorney's fees, exclusive of interest and costs.

DATED:   October 16, 2014              HILL, FARRER & BURRILL LLP


By: _____
        James A. Bowles
        Attorneys for Defendant
        Time Warner Cable, Inc.

HFB 1461382.1 A5431001

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

REQUESTS FOR ADMISSION, SET ONE

**PROOF OF SERVICE**

I, La Venia Forté, declare:

I am a resident of the state of California and over the age of eighteen years, and not a party to the within action; my business address is Hill, Farrer & Burrill LLP, One California Plaza, 37th Floor, Los Angeles, California 90071-3147. On October 20, 2014, I served the within documents:

REQUEST FOR ADMISSION

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐   by causing personal delivery by Delivery Service of the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Delivery Service agent for delivery.

Frank A. Magnanimo, Esq.
Audrey L. Priolo, Esq.
Magnanimo & Dean, LLP
15260 Ventura Blvd., Suite 1550
Sherman Oaks, CA 91403
Phone: (818) 305-3450
Fax: (818) 305-3451
Email: frank@magdeanlaw.com;
audrey@magdeanlaw.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 20, 2014, at Los Angeles, California.

_____
La Venia Forté

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1  Frank A. Magnanimo, Esq. - SBN 174570
   *frank@magdeanlaw.com*
2  Audrey L. Priolo, Esq. - SBN 239576
   *audrey@magdeanlaw.com*
3  MAGNANIMO & DEAN, LLP
   15260 Ventura Boulevard, Suite 1550
4  Sherman Oaks, California 91403
   Telephone:    (818) 305-3450
5  Facsimile:    (818) 305-3451

6  Attorneys for Plaintiff
   Katrina Perona
7

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **FOR THE COUNTY OF SAN BERNARDINO**

10                      **CENTRAL DISTRICT**

11
   KATRINA PERONA, an individual      )    CASE NO.: CIVDS1414063
12                                     )
                                       )    CASE FILED: 09/19/14
13          Plaintiff,                 )
                                       )    **PLAINTIFF KATRINA PERONA'S**
14  vs.                                )    **RESPONSES TO DEFENDANT TIME**
                                       )    **WARNER CABLE, INC.'S REQUEST FOR**
15                                     )    **ADMISSION TO PLAINTIFF**
   TIME WARNER CABLE, INC., a corporation; )
16  and DOES 1-50, Inclusive,          )    ASSIGNED FOR ALL PURPOSES TO THE
                                       )    HON. JOHN M. PACHECO, DEPT. S31
17                                     )
                                       )    DISCOVERY CUT-OFF:    NONE
18          Defendants.                )    MSJ HEARING DATE:     NONE
                                       )    TRIAL DATE:           NONE
19                                     )
20  _____  )

21  **PROPOUNDING PARTY:**        Defendant, TIME WARNER CABLE, INC

    **RESPONDING PARTY:**         Plaintiff, KATRINA PERONA
22
    **SET NUMBER:**               ONE
23
         Plaintiff Katrina Perona ("Plaintiff") responds to the First Set of Requests for Admission,
24
    propounded by Defendant Time Warner Cable, Inc. ("Defendant") pursuant to Code of Civil
25
    Procedure sections 2033.210-2033.300, as follows:
26
    ///
27

28
                                        1
                     **PLAINTIFF'S RESPONSES TO RFA, #1**
   Client Files\PERO01\001\00062133.WPD                        Printed on Recycled Paper

1       **PRELIMINARY STATEMENT**

2               Plaintiff has not completed her investigation of the facts relating to this case, has not fully

3       completed her discovery in this action, and has not completed her preparation for trial.  All the

4       responses contained herein are based only upon such information and documents which are

5       presently available to and specifically known to Plaintiff and disclose only those contentions which

6       presently occur to Plaintiff.  It is anticipated that further discovery, independent investigation, legal

7       research and analysis will supply additional facts, and meaning to the known facts, as well as

8       establish entirely new factual conclusions and legal contentions, all of which may lead to

9       substantial additions, changes and variations to the contentions set forth herein.

10              The following responses are given without prejudice to Plaintiff's right to produce

11      evidence of any subsequently discovered fact or facts revealed by further investigation.  Plaintiff

12      accordingly reserves the right to change any and all answers herein as additional facts are

13      ascertained, analysis is made, legal research is completed and contentions are made.  The answers

14      contained herein are made in a good faith effort to supply as much factual information as is

15      presently known but in no way be to the prejudice of this responding party in relation to further

16      discovery, research or analysis.

17      **GENERAL OBJECTION**

18              Plaintiff objects to this First Set of Requests for Admission on the grounds and to the

19      extent that it seeks information privileged against disclosure by the attorney-client privilege or any

20      other legal privilege and/or protected by the attorney work-product doctrine, Plaintiff's privacy

21      rights and/or any other legal protection or privilege.

22      **RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSION**

23              Subject to the Preliminary Statement and General Objections set forth above, and

24      incorporated into each of the specific responses herein, Plaintiff responds to the First Set of

25      Requests for Admission as follows:

26      ///

27      ///

28      ///

2
Client Files\PERO01\001\00062133.WPD                                                                                      Printed on Recycled Paper

1                         **REQUESTS FOR ADMISSION**

2   **REQUEST FOR ADMISSION NO. 1:**

3         Admit that you are seeking damages in this action in an amount exceeding $75,000,

4   including attorney's fees, exclusive of interest and costs.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

6         Objection.  Plaintiff objects to this request on the grounds that it seeks information in

7   violation of the attorney client privilege and/or the attorney work product privilege.  Plaintiff also

8   objects to this interrogatory on the grounds that it requires the expert testimony of an economist,

9   and, to the extent it seeks information from expert witnesses.  Plaintiff objects to this interrogatory

10   on the grounds that it is vague and ambiguous, including but not limited to the terms damages."

11   Because this interrogatory requires consideration of such complex factors as differences in salary,

12   mitigation, benefits and other perquisites, Plaintiff is unable to provide an accurate figure until she

13   has obtained the opinion of an expert economist.  Subject to and without waiving to foregoing

14   objections, Plaintiff responds as follows.  Admit

15

16

17

18   DATED: November 24, 2014           MAGNANIMO & DEAN, LLP

19

20                        By:
                            FRANK A. MAGNANIMO

21                             AUDREY L. PRIOLO
                            Attorneys for Plaintiff

22                             KATRINA PERONA

23

24

25

26

27

28

**PLAINTIFF'S RESPONSES TO RFA, #1**

Client Files\PERO01\001\00062133.WPD                                          Printed on Recycled Paper

1
2

### PROOF OF SERVICE
### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3
4

### PERONA v. TIME WARNER CABLE, INC.
### SBSC Case No. CIVDS1414063

5

*I declare as follows:*

6
7
8

    I am employed in the County of Los Angeles, California. I am over the age of 18 years, and not a party to the within action; my business address is 15260 Ventura Boulevard, Suite 1550, Sherman Oaks, California 91403. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

9
10
11

    On November 24, 2014, I served a true and correct copy, with all exhibits, of the following documents described as: **PLAINTIFF KATRINA PERONA'S RESPONSES TO DEFENDANT TIME WARNER CABLE, INC.'S REQUEST FOR ADMISSION TO PLAINTIFF**

12
13
14

☒     By United States Mail. On the party or parties named below, by following ordinary business practice, placing a true copy thereof enclosed in a sealed envelope, for collection and mailing with the United States Postal Service, where it would be deposited for first class delivery, postage fully prepaid, in the United States Postal Service, that same day in the ordinary course of business, addressed as set forth below. *(Regular office deposit)*

15
16
17
18

☐     By personal service. I personally delivered the documents on the date shown below to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

19
20
21
22

Service List
James A. Bowles
Hill, Farrer & Burrill, LLP
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA 90071
*Attorney for Kindred Defendants*

23
24

    I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on November 24, 2014, at Sherman Oaks, California.

25
26

By: _____       By: **Erma Rodriguez**
       Signature of Declarant           Type or Print Name of Declarant

27
28

4

Client Files\PERO01\001\00062133.WPD                     *Printed on Recycled Paper*

## VERIFICATION

State of California, County of Los Angeles

I have read the foregoing: **PLAINTIFF KATRINA PERONA'S RESPONSES TO DEFENDANT TIME WARNER CABLE, INC.'S REQUEST FOR ADMISSION TO PLAINTIFF** and know its contents.

☑    I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐    I am  ☐ an Officer  ☐ a partner  ☐ a _____ of _____ _____, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this verification is executed on ___11/24___, 2014, at _Riverside_____, California.

_Katrina Perona_____
Katrina Perona

_Katrin Per_____
Signature