JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATRINA PERONA, an individual<br><br>Plaintiff,<br><br>vs.<br><br>TIME WARNER CABLE, INC., a corporation,<br><br>Defendants. | CASE NO.: 5:14-cv-02501-MWF(SPx)<br><br>The Honorable Michael W. Fitzgerald, United States District Judge<br><br>**JUDGMENT AFTER TRIAL** |

This action came on regularly for trial between August 30, 2016, and September 8, 2016, in Courtroom 1600 of this United States District Court. Plaintiff was Katrina Perona. Plaintiff was represented by Frank A. Magnanimo, Esq., and Audrey L. Priolo, Esq., of Magnanimo & Dean, LLP. Defendant Time Warner Cable, Inc. was represented by James A. Bowles, Esq., and Casey L. Morris, Esq., of Hill, Farrer & Burrill LLP.

A jury of eight persons was regularly empaneled and sworn. Witnesses were sworn and testified. After hearing the evidence and arguments of counsel, the jury

was duly instructed by the Court and the cause was submitted to the jury. The jury deliberated and thereafter returned a special verdict as follows:

**Disability Discrimination Claim**

1. Did Time Warner Cable know that Katrina Perona had a physical condition that limited her ability to work?
   YES _X_   NO ____
   If you answered "yes," proceed to Question No. 2. If you answered "no," proceed to Question No. 9.

2. Was Katrina Perona able to perform the essential job duties with reasonable accommodation for her physical condition?
   YES _X_   NO ____
   If you answered "yes," proceed to Question No. 3. If you answered "no," proceed to Question No. 9.

3. Did Time Warner Cable discharge Katrina Perona?
   YES _X_   NO ____
   If you answered "yes," proceed to Question No. 4. If you answered "no," proceed to Question No. 9.

4. Was Katrina Perona's physical condition a substantial motivating reason for Time Warner Cable's discharge of Katrina Perona?
   YES ____   NO _X_
   If you answered "yes," proceed to Question No. 5. If you answered "no," proceed to Question No. 9.

5. Was Katrina Perona harmed?
   YES ____   NO ____
   If you answered "yes," proceed to Question No. 6. If you answered "no," proceed to Question No. 9.

6. Was Time Warner Cable's conduct a substantial factor in causing Katrina Perona's harm?
   YES ____   NO ____
   If you answered "yes," proceed to Question No. 7. If you answered "no," proceed to Question No. 9.

7. Has Time Warner Cable proven that it would have discharged Katrina Perona for a non-discriminatory reason, standing alone, regardless of the

2
**JUDGMENT AFTER TRIAL**

fact that she had a disability?
YES ____ NO ____
Proceed to the next Question.

8. Has Time Warner Cable proven that providing Katrina Perona with a reasonable accommodation would have created an undue hardship to the operations of Time Warner Cable?
YES ____ NO ____
Proceed to the next Question.

**Failure to Reasonably Accommodate Claim**

9. Did Katrina Perona have a physical condition?
YES _X_ NO ____
If you answered "yes," proceed to Question No. 10. If you answered "no," proceed to Question No. 16.

10. Did Time Warner Cable know that Katrina Perona had a physical condition?
YES _X_ NO ____
If you answered "yes," proceed to Question No. 11. If you answered "no," proceed to Question No. 16.

11. Was Katrina Perona able to perform the essential job duties with reasonable accommodation for her physical condition?
YES _X_ NO ____
If you answered "yes," proceed to Question No. 12. If you answered "no," proceed to Question No. 16.

12. Did Time Warner Cable fail to provide reasonable accommodation for Katrina Perona's physical condition?
YES ____ NO _X_
If you answered "yes," proceed to Question No. 13. If you answered "no," proceed to Question No. 16.

13. Was Katrina Perona harmed?
YES ____ NO ____
If you answered "yes," proceed to Question No. 14. If you answered "no," proceed to Question No. 16.

///
///

3
**JUDGMENT AFTER TRIAL**

14. Was Time Warner Cable's failure to provide reasonable accommodation a substantial factor in causing Katrina Perona's harm?
    YES ____ NO ____
    If you answered "yes," proceed to Question No. 15. If you answered "no," proceed to Question No. 16.

15. Has Time Warner Cable proven that providing Katrina Perona with a reasonable accommodation would have created an undue hardship to the operations of Time Warner Cable?
    YES ____ NO ____
    Proceed to the next Question.

**Failure to Engage in the Interactive Process Claim**

16. Did Katrina Perona have a physical condition that was known to Time Warner Cable?
    YES _X_ NO ____
    If you answered "yes," proceed to Question No. 17. If you answered "no," proceed to Question No. 23.

17. Did Katrina Perona request that Time Warner Cable make reasonable accommodation for her physical condition so that she would be able to perform the essential job duties?
    YES _X_ NO ____
    If you answered "yes," proceed to Question No. 18. If you answered "no," proceed to Question No. 23.

18. Was Katrina Perona willing to participate in an interactive process to determine whether reasonable accommodation could be made so that she would be able to perform the essential job duties?
    YES _X_ NO ____
    If you answered "yes," proceed to Question No. 19. If you answered "no," proceed to Question No. 23.

19. Did Time Warner Cable fail to participate in a timely good-faith interactive process with Katrina Perona to determine whether reasonable accommodation could be made?
    YES _X_ NO ____
    If you answered "yes," proceed to Question No. 20. If you answered "no," proceed to Question No. 23.

20. Was a reasonable accommodation or reasonable accommodations available at the time that would have allowed Katrina Perona to perform the essential job duties?
    YES _X_    NO ____
    If you answered "yes," proceed to Question No. 21.  If you answered "no," proceed to Question No. 23.

21. Was Katrina Perona harmed?
    YES _X_    NO ____
    If you answered "yes," proceed to Question No. 22.  If you answered "no," proceed to Question No. 23.

22. Was Time Warner Cable's failure to engage in a good-faith interactive process a substantial factor in causing Katrina Perona's harm?
    YES _X_    NO ____
    Proceed to the next Question.

23. If you answered "no" to *either* Question No. 8 *or* Question No. 15 *or* answered "yes" to Question No. 22, proceed to Question No. 24.  Otherwise, answer no further questions and have the foreperson sign and date this form.

24. Please state what reasonable accommodation or reasonable accommodations Time Warner Cable could have provided to Katrina Perona:

    1. Change work schedule: part time shift

    2. Reassignment to vacant position

    Proceed to the next Question.

**Damages**

25. What are Katrina Perona's total damages, taking into consideration her duty to reasonably mitigate her damages?

        Past and present economic damages:  $80,000
        Future economic damages:  $0
        Past and present non-economic damages:  $80,000
        Future non-economic damages:  $0
        TOTAL:  $160,000

//

Now, therefore, pursuant to Rules 54 and 58 of the Federal Rules of Civil Procedure**, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that final judgment in this action be entered as follows:

1. *On the claim for disability discrimination*:  Judgment is entered in favor of Defendant Time Warner Cable, Inc., and Plaintiff Katrina Perona shall take nothing on this claim by her Complaint.

2. *On the claim for failure to reasonably accommodate*:  Judgment is entered in favor of Defendant Time Warner Cable, Inc., and Plaintiff Katrina Perona shall take nothing on this claim by her Complaint.

3. *On the claim for failure to engage in the interactive process*:  Judgment is entered in favor of Plaintiff Katrina Perona and against Defendant Time Warner Cable, Inc., as follows: $160,000.

4. *On the claim for retaliation*:  Plaintiff Katrina Perona dismissed this claim during trial.  Judgment is entered in favor of Defendant Time Warner Cable, Inc., and Plaintiff Katrina Perona shall take nothing on these claims by her Complaint.

5. *On the claim for wrongful termination in violation of public policy*: Judgment is entered in favor of Defendant Time Warner Cable, Inc., and Plaintiff Katrina Perona shall take nothing on this claim by her Complaint.

6. *On the claim for unfair competition*:  Judgment is entered in favor of Defendant Time Warner Cable, Inc., and Plaintiff Katrina Perona shall take nothing on this claim by her Complaint.

Plaintiff Katrina Perona is further awarded her costs as provided by law.

Dated: September 21, 2016.

_____
MICHAEL W. FITZGERALD
United States District Judge

6
**JUDGMENT AFTER TRIAL**